## No. 457.

E. D. DUCKWORTH, individually and as administrator, *v.* ISAAC B. PAYNE et al.

This is a suit by plaintiff, individually and as administrator, to annul a certain order and judgment and the sale of certain lands made by the sheriff to defendant in fraud, as alleged, of the creditors of the succession of which he is the administrator.

The sheriff in his return states that the sale, the validity of which is contested, was advertised by posting at the door of the courthouse and two other public places in the parish, there being no newspaper in the parish selected according to section 15, act No. 8, approved July 24, 1868, to perform, print and publish parochial and judicial advertising. It is only after the official journal is selected and notice thereof given to the sheriff, that his advertisements are null if not published in such journal. No such selection and notice are proven in this case; hence the presumption must be in favor of the officer.

The sale was made on a mortgage created before the provision of the constitution in regard to dividing lands into small lots was put in operation, and therefore can not be affected by it.

The record does not show that the price was less than the first or previous mortgage. But it appears that the only mortgage of an older date than the ones on which the order of seizure and sale issued, was actually owned by the purchaser, plaintiff in the proceedings.

The judge *a quo* did not err in excluding evidence offered to prove plaintiff's alleged special mortgage, as the judgment obtained by him did not contain its recognition.

The subject of the violation of an alleged agreement not to sell the property, but to cultivate the lands, has already been settled by this court as not being a legal ground for not causing the property to be sold, and *a fortiori*, it is not a good ground to annul the sale.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray*, J. Jury trial. *S. G. Parsons*, for plaintiff and appellee. *J. H. Brigham*, *David Todd*, for Isaac B. Payne. *Newton & Hall*, for R. B. Todd, curator.

HOWELL, J. The plaintiff, individually and as administrator of J. D. Duckworth, sues to annul a certain order and judgment and the sale of certain lands made by the sheriff to defendant, Payne, on first October, 1870, in fraud of creditors of the succession of J. T. Payne, as alleged, on the grounds:

*First*—The sale was not preceded by a legal advertisement, in the official journal or otherwise, nor by a legal appraisement.

*Second*—The land was not sold in lots of ten to fifty acres.

*Third*—The price bid for the said property was not equal to the previous special mortgage on it, and the provisions of acts 678 and 679 C. P. were not complied with.

*Fourth*—Isaac B. Payne was not a creditor of the succession at the time of sale.

*Fifth*—The notes which the land was sold to pay had been extinguished by the proceeds of cotton shipped by J. T. Payne to Fellows, Ferguson & Hervey.

*Sixth*—Isaac B. Payne had agreed with S. G. Ferguson, curator, at the time the succession was opened that the plantations should not be sold, but cultivated at the expense of the estate, which agreement was violated by the said Payne.

The separate answers of the defendants contain a general denial and an averment of the legality of the proceedings sought to be annulled. From a verdict and judgment in favor of plaintiff the defendants have appealed.

I. The sheriff in his return states that "the sale was advertised by posting at the door of the courthouse and two other public places in the parish, there being no newspaper in the parish selected according to section 15, act No. 8, approved July 24, 1868, to perform, print and publish parochial and judicial printing and advertising."

The only evidence to contradict this is the testimony of one witness, who thinks there was a paper published at the time in the parish, but is not positive, and does not know that it was the official journal. It is only after the official journal is selected and notice thereof given to the sheriff that his advertisements are null if not published in such journal. No such selection and notice are proven, and we must adopt the presumption in favor of the officer. The appraisement appears to be regular.

II. The sale was made on a mortgage created before the provision of the constitution in regard to dividing lands into small lots was put in operation.

III. The record does not show that the price was less than the first or previous mortgage. But it appears that the only mortgage of an older date than the ones on which the order of seizure and sale issued, was actually owned by the purchaser and plaintiff in the proceedings. It is not made to appear in what particular the provisions of articles 678 and 679 were not complied with.

The judge did not err in excluding evidence offered to prove plaintiff's alleged special mortgage, as the judgment obtained by him did not contain its recognition.

IV and V. The evidence in the record does not impeach the validity of plaintiff's claims on which the order of seizure and sale issued. The proof, unco.,tradicted, is that the proceeds of the cotton shipped to the factors of the debtor were to be applied first to the open account, which was not itself thereby extinguished.

VI. The subject of the violation of an alleged agreement not to sell the property, but to cultivate the lands, was settled in the case of Payne v. Ferguson, 23 An. 581, as not being a legal ground for not causing the property to be sold, and a fortiori, it is not a good ground to annul the sale.

After a careful examination of the record, we conclude that the case is with defendants.

It is therefore ordered that the judgment appealed from and the verdict below be set aside, and that there be judgment in favor of defendants, with costs in both courts.

Rehearing refused.